UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRON D. BREWER (M-39901), | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 20 C 4079 ) ) Judge Sara L. Ellis |
| WARDEN JANE/JOHN DOE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

The Court has reviewed Plaintiff's second amended complaint and concludes it states a claim. The Court directs the Clerk of Court to: (1) file Plaintiff's second amended complaint [13]; (2) dismiss previously named Defendant Sherry Benton; (3) correct the docket to reflect the correct spelling of Defendant Officer Newinck; (4) issue summonses for service of the second amended complaint [13] on Defendants White, Newinck, Shooter, and Hernandez; (5) send Plaintiff four blank USM-285 service forms, filing instructions, and a copy of this order; and (6) amend the caption to Brewer v. Officer White, et al. Although Plaintiff had the funds to cover the filing fee, it appears he may not have funds for service and therefore may proceed with service at government expense. Fed. R. Civ. P. 4(c)(3). Plaintiff must return completed USM-285 service forms to the Marshals. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for that Defendant is received. The Court appoints the U.S. Marshal to serve Defendants. Failure to effect service by the Fed. R. Civ. P. 4(m) ninety-day deadline may result in dismissal of this case. Plaintiff must also promptly submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute. The Court directs the Clerk to send a copy of this order to Plaintiff and the U.S. Marshal. The Court sets a status hearing for March 30, 2022 at 9:30 a.m. and directs the parties to file a joint status report by March 24, 2022.

## STATEMENT

Plaintiff Darron Brewer, currently a prisoner at Pontiac Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging he was subjected to unconstitutional conditions of confinement while housed at Stateville Correctional Center. The Court dismissed Brewer's original and amended complaints but allowed him to amend his pleading if he believed he could do so consistent with Federal Rule of Civil Procedure 11. Docs. 10, 12. Brewer timely submitted a second amended complaint in accordance with the Court's prior order.

As with Brewer's prior complaints, the Court conducts its required initial review pursuant to 28 U.S.C. § 1915A, which requires courts to screen complaints filed by prisoners to ensure that they state a valid claim against parties not immune from suit. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). As explained in previous orders, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and provide sufficient facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On initial review, courts "accept the well-pleaded facts in the complaint as true," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013), and construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, Brewer alleges he arrived at Stateville Correctional Center's Northern Reception and Classification Center on December 4, 2019 and stayed there for approximately two weeks. Brewer alleges that during his stay he was subjected to near-constant bright lighting in his cell. Brewer explains that his cell's light fixture contained four long light bulbs and a small "count" bulb. Brewer states the four long light bulbs were extremely bright, and the brightness was magnified by the white paint on the walls. The count light, on the other hand, was "very dim" and was supposed to be turned on while officers performed headcounts of the inmates. Doc. 13 at 7. Brewer alleges that at count times, the lights are turned on from the control room and cannot be turned off by inmates.

Brewer alleges that every day he was at Stateville, the four long bulbs, not the single dim count light bulb, were turned on from the control room for headcounts from approximately 8:45 p.m. to 12:00 a.m., 2:30 a.m. to about 3:30 a.m., and again from 6:45 a.m. until 10:30 a.m. Brewer further alleges that on December 6, 2019, the four long bulbs were turned on at 2:45 p.m. and remained on until after 6:45 a.m. on December 7, 2019. Brewer asked Officer White to turn off the light, but Officer White refused to do so. During count times, other inmates would yell and kick their doors attempting to get the officers on duty in the housing wing to ask the control room officers to turn off the four long bulb light. When the wing officers did ask the control room to turn off the lights, typically the lights would go out almost immediately. On several occasions, however, Brewer alleges that Officers White, Newinck, "Shooter," and Hernandez refused to call to have the lights turned off. Brewer alleges the lighting and noise interfered with his sleep and caused him to have daily headaches. Based on these events, Brewer seeks to state a conditions of confinement claim against Stateville's warden; unidentified control room officers; Officers White, Newinck, Shooter, and Hernandez; and Sherry Benton, the Administrative Review Board member who denied Brewer's grievances regarding the lighting.

Accepting the factual allegations as true, which the Court must at the pleading stage, the complaint sufficiently states a conditions of confinement claim. To assert such a claim, an inmate must allege facts that plausibly suggest: (1) his living conditions were so adverse that they deprived him "of the minimal civilized measure of life's necessities" (the objective element); and (2) that the defendant acted with deliberate indifference to the conditions (the subjective element). *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 832, 834 (1994)). On the objective element, "[t]he Constitution does not

2

mandate comfortable prisons, but neither does it permit inhumane ones." *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

Here, Brewer alleges that he was exposed to longer-term intense lightning during most hours of the day, which caused him headaches and insomnia. Although low-wattage security overnight illumination may not offend the Constitution, *see Gonzalez v. Josephson*, No. 14-CV-4366, 2019 WL 1013737, at *16 (N.D. Ill. Mar. 4, 2019) (holding that constant overnight illumination by 9-watt bulbs was not sufficiently serious), bright lights that inhibit sleep might cross the line, *see King v. Frank*, 328 F. Supp. 2d 940, 946 (W.D. Wis. 2004) (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996)); *Golden v. Berge*, No. 03 C 0403, 2003 WL 23221483 at *4 (W.D. Wis. Sept. 25, 2003) (Crabb, J.) (alleged exposure to constant lighting caused not only sleep deprivation but also head and eye pain and psychological problems, including confusion and depression). In Brewer's case, his allegations concerning lighting sufficiently satisfy the objective element.

With regard to the subjective element, Brewer alleges that he specifically complained about lighting to Officers White, Newinck, Hernandez, and "Shooter," but they failed to address the problem. He further alleges that the control room officers were also responsible because they had control over the lights and failed to timely turn them off. Lastly, the second amended complaint allows for the inference that even a high-level official like Warden Jane/John Doe would have been aware of the lightning issues that caused unceasing disturbances and uproars throughout Brewer's housing wing. Brewer's allegations are enough, at the pleading stage, to plausibly plead that the officers and the warden knew of the conditions but consciously disregarded them. Brewer may proceed on his conditions of confinement claim against them.

It appears, however, that Brewer does not know the names of the warden or control room officers; he labels them in the complaint as John and Jane Does. Brewer must identify the individual defendants and eventually must amend the complaint to identify the officers by name. After an attorney has entered an appearance on behalf of Defendants, Brewer must send interrogatories (that is, a list of questions) to defense counsel, asking for information on the identities of the unknown officers. *See* Fed. R. Civ. P. 33. After Brewer learns the warden/control officers' identities, he must amend the complaint to sue them individually.

Lastly, Brewer has named Sherry Benton, a member of the administrative review board, as a defendant in this suit because she denied Brewer's grievances. In its order reviewing Brewer's amended complaint, this Court warned Brewer that an individual cannot be held liable solely because he or she responded to an inmate's grievance. Doc. 12 at 3 (citing *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (alleged mishandling of a prisoner's grievances by persons who did not cause or participate in underlying conduct does not state claim)). Brewer, therefore, cannot proceed against Defendant Sherry Benton on the grounds that she denied his grievances. Thus, the Court dismisses Defendant Sherry Benton without prejudice.

The Court directs the Clerk to issue summonses for service of the second amended complaint on Defendants White, Newinck, Shooter, and Hernandez. Although Brewer had the

funds to cover the filing fee, it appears he may not have funds for service and therefore may proceed with service at government expense. Fed. R. Civ. P. 4(c)(3). The Court directs the Clerk to mail Brewer four blank USM-285 (U.S. Marshals service) forms. Plaintiff must return completed USM-285 service forms to the Marshals. The U.S. Marshal will not attempt service on a Defendant unless and until the required form for that Defendant is received. Failure to effect service by the ninety-day deadline set forth in Fed. R. Civ. P. 4(m) may result in dismissal of this case.

The Court appoints the U.S. Marshals Service to serve Defendants. The Court directs the Marshal to make all reasonable efforts to serve Defendants. With respect to any former employee of Stateville Correctional Center who can no longer be found at the work address provided by Brewer, officials must furnish the Marshal with the Defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshals Service. Address information will not be maintained in the Court file nor disclosed by the Marshal, except as necessary to serve Defendants. The Court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

The Court instructs Brewer to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Brewer must include a certificate of service indicating the date on which Brewer gave the document to correctional authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Brewer. The Court advises Brewer that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Date: January 24, 2022  /s/ Sara L. Ellis